UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION

CASE NO. _____

NATALIE MAHARAJ,

                Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

                Defendant.

_____/

## <u>DEFENDANT'S NOTICE OF REMOVAL</u>

Defendant, Home Depot U.S.A., Inc., ("Home Depot" or "Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes this action from the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida.  The removal is based on diversity of citizenship, and this Court therefore has original subject matter jurisdiction over the case pursuant to 28 U.S.C. § 1332(a). The specific grounds for removal are the following:

## I.      STATEMENT OF THE CASE

Plaintiff Natalie Maharaj filed a Verified Complaint against Home Depot in the Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida, on or about July 17, 2019. The action is styled <u>Natalie Maharaj v. Home Depot U.S.A., Inc. and Cristy Stillwagon</u>, and is designated Case No. 502019-CA-009222XXXXMB (hereafter referred to as the "State Action"). Copies of all process, pleadings, and orders served upon Defendant in the State Action are attached hereto as **Exhibit A**.

Defendant was first served with the Summons and Verified Complaint on October 11, 2019.  See **Exhibit A**.

Co-Defendant, Christina Stillwaggon, is deceased, and no service was accomplished upon her or her estate's personal representative or Guardian ad Litem.

A hearing was conducted on May 12, 2020 with Fifteenth Judicial Circuit Court Judge James Martz, who dismissed Co-Defendant Stillwaggon from the case with prejudice, pursuant to Fla. R. Civ. P. 1.260.

The only remaining parties in the case are Natalie Maharaj and Home Depot U.S.A., Inc.

## II.    GROUNDS FOR REMOVAL

This removal is based on diversity of citizenship pursuant to 28 U.S.C. §§ 1441(b) and 1446(b)(3), through application of 28 U.S.C. § 1332(a). Pursuant to 28 U.S.C. § 1332(a), the State Court Action can be properly removed to this Court if (a) the amount in controversy exceeds $75,000 exclusive of interest and costs and, (b) there is complete diversity of citizenship.

**(a) The Amount in Controversy Exceeds $ 75,000.00.**

Pursuant to 28 U.S.C. § 1446(c)(2)(A), this Notice of Removal asserts that the amount in controversy is greater than $75,000.

Plaintiff's Verified Complaint demands an unspecified amount of damages under the Florida Civil Rights Act (FCRA), including back pay and benefits, compensatory damages, and attorney's fees.  See Exhibit A, Pl.'s Compl. ¶¶ 20, 23, and 26 (in the "Wherefore" clause following each paragraph).

Where, as in the instant case, a plaintiff has made an unspecified demand for damages in state court, the removing defendant must establish only by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount for diversity jurisdiction.  Pretka v.

Kolter City Plaza II, Inc., 608 F.3d 744, 752 (11th Cir. 2010) (emphasis added); see also 28 U.S.C. § 1446(c)(2)(B) ("removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a)."). As such, the issue is whether, more likely than not, the amount in controversy exceeds $75,000.

On November 1, 2019, Defendant served Plaintiff with interrogatories and asked Plaintiff to specify each element of damages that she is claiming in this case. See Defendant's First Set of Interrogatories to Plaintiff, attached hereto as **Exhibit B**.

On December 18, 2019, Plaintiff served her Answers to Defendant's First Set of Interrogatories to Plaintiff. See Plaintiff's Answers to Defendant's First Set of Interrogatories attached hereto as **Exhibit C**. Plaintiff stated that she is claiming lost wages in the amount of $23,920 per year (i.e., $460.00 per week), ***plus*** "bonuses, value of benefits including health and life insurance, pensions loss, overtime pay loss, vacation pay, sick pay and holiday pay…"

During the May 12, 2020 hearing, counsel for Plaintiff represented to the Court that Plaintiff has still not secured employment. Therefore, as of May 12, 2020, Plaintiff had accrued **$65,780** in alleged economic losses. This does not account for the "bonuses" and other types of pay specified in her answers to interrogatories. Assuming trial were to occur nine months from the date of this removal notice,[1] Plaintiff will have an additional **$17,595** of claimed back pay, which, in total would amount to **$83,375**.

Plaintiff is also seeking front pay or reinstatement under the FCRA. Front pay is a form of equitable relief awarded to a FCRA plaintiff in lieu of, or until, reinstatement. Brown v. Am.

---

[1] This is a conservative estimate as the average time for a case to proceed to trial in the United States District Court for the Southern District of Florida is 15 months.

Express Co., No. 09-CIV-61758, 2010 WL 527756, at *5 (S.D. Fla. Feb. 10, 2010).  For amount-in-controversy purposes, such equitable relief is calculated as "the monetary value of the object of the litigation that would flow to the plaintiff" if the requested relief is granted.  Leonard v. Enterprise Rent a Car, 279 F.3d 967, 973 (11th Cir. 2002).

In the event that the Plaintiff can show that reinstatement is not feasible and this Court considers the issue of front pay, an award of one or two years of front pay is not uncommon in employment discrimination cases.  See Munoz v. Oceanside Resorts, Inc., 223 F.3d 1340, 1349 (11th Cir. 2000) (affirming front pay award of one year in an employment discrimination case under ADEA and FCRA); Brown v. Cunningham Lindsey U.S., Inc., No. 305CV141J32HTS, 2005 WL 1126670, at *5 (M.D. Fla. May 11, 2005) (assuming one year of front pay when determining amount in controversy in an employment discrimination/retaliation lawsuit under the FCRA); see also Whittlesey v. Union Carbide Corp., 742 F.2d 724 (2d Cir. 1984) (affirming award of 4 years front pay in an ADEA case).  In this case, if Plaintiff were to prevail at trial and the Court were to award her one year of front pay, she would recover an additional **$23,920**.

In addition, Plaintiff seeks an unspecified amount of compensatory damages. Compensatory damages under the FCRA are uncapped and unlimited.  See Fla. Stat. § 760.11(5). There is also no legal certainty at this time that Plaintiff will be unable to recover such damages. See Munoz, 223 F.3d at 1348 (affirming $150,000 compensatory damages jury award in an employment discrimination FCRA case); Hill v. Xerox Corp., 998 F. Supp. 1378, 1384 (N.D. Fla. 1998) (upholding a jury award of $457,000 for emotional distress).

Plaintiff is also seeking recovery of attorney's fees.  Attorney's fees are authorized by the FCRA, and may therefore be claimed in this case.  See Fla. Stat. § 760.11(5).  Accordingly, Plaintiff's potential attorney's fees must be included in estimating the amount in controversy.

See Field v. Nat'l Life Ins. Co., No. 8:00CV-989-T-24TBM, 2001 WL 77101, at *4 (M.D. Fla. Jan. 22, 2001).

Courts have found that reasonable hourly rates in Southern Florida for attorneys handling FCRA cases can range anywhere from $175 to $350 per hour.  See Holland v. Gee, No. 8:08-CV-2458-T-33AEP, 2012 WL 5845010, at *5 (M.D. Fla. Oct. 23, 2012) (awarding plaintiff $175 and $350 per hour for attorney fees depending on experience level of counsel).  As such, attorney fees in employment cases often alone exceed the jurisdictional threshold of $75,000.  See Mock v. Bell Helicopter Textron, Inc., No. 6:04-CV-1415, 2010 WL 5066121 (M.D. Fla. Sept. 3, 2010) (awarding plaintiff $342,207.81 in attorney fees in age discrimination case); EEOC v. Enterprise Leasing Co., Inc., No. 8:00-CV-2012-T-24-EAD, 2003 WL 21659097, at * 8 (M.D. Fla. May 16, 2003) (intervening attorney was awarded $77,165.00 for work performed in a non-complex case by lead counsel even after reducing lead counsel's hourly rate, the number of hours billed, and adjusting the lodestar.).  Should Plaintiff prevail at trial, it is likely that her attorney's fees alone would exceed $75,000.

Whatever the individual amounts, it is clear that Plaintiff's claimed lost wages, alone, will be more than $75,000 by the time of trial.  This amount, plus additional amounts for front pay, compensatory damages, and attorney's fees and costs, when all combined, clearly push the amount in controversy well beyond the $75,000 requirement.  For these reasons, it is more likely than not that the amount in controversy threshold is satisfied.  Thus, the amount in controversy in this matter, more likely than not, exceeds the $75,000.00 jurisdictional threshold pursuant to 28 U.S.C. § 1332(a).

**(b)  Complete Diversity of Citizenship Exists between Plaintiff and the Properly Named Defendant**

Plaintiff is a resident of Florida, and is a citizen of Florida for diversity purposes.  <u>See</u> **Exhibit A**, Pl's. Compl. ¶ 3.

Pursuant to 28 U.S.C. § 1332(c), for the purposes of determining diversity of citizenship, a corporation is deemed to be a citizen of the State where it is incorporated and where it has its principal place of business.  Defendant Home Depot is incorporated in the State of Delaware with its principal place of business in Atlanta, Georgia.  <u>See</u> **Exhibit D**, Declaration of Penny Paladino. ¶ 3. Thus, Home Depot is a citizen of Delaware and Georgia for purposes of determining diversity of citizenship.

**(c)  Christina Stillwaggon's Citizenship Should be Disregarded.**

Although co-Defendant Stillwaggon was, upon information and belief, a citizen of Florida, her citizenship should be ignored for purposes of determining diversity jurisdiction under 28 U.S.C. § 1332, because she was dismissed from the State Court Action with prejudice, and, because no claims have been initiated by Plaintiff against Ms. Stillwaggon's estate within the requisite timeframe.  As further discussed below, Plaintiff is deemed improperly joined for the purposes of this Notice of Removal.  <u>See</u> <u>Triggs v. John Crump Toyota, Inc.,</u> 154 F.3d 1284, 1287 (11th Cir. 1998) ("Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity.").

Improper or fraudulent joinder is determined as of the time of removal.  <u>Pacheco de Perez v. AT&T Co.,</u> 139 F.3d 1368, 1380-81 (11th Cir. 1998).  The test is whether there is no reasonable possibility that state law will impose liability on the non-diverse defendant.  <u>Filla v. Norfolk So. Ry. Co.,</u> 336 F.3d 806, 810-11 (8th Cir. 2003); <u>Jackson v. Bank of Am., N.A.,</u> 594 F. App'x 953, 956

(11th Cir. 2014), cert. denied, 135 S. Ct. 2895 (2015).   If that test is met, then the non-diverse defendant is ignored for purposes of determining diversity.  Id.

In this case, there is no possibility that Plaintiff can state a claim against co-Defendant Stillwaggon.  Ms. Stillwaggon was dismissed in the State Court Action with prejudice and is no longer a party to this lawsuit; and Plaintiff is now time-barred from pursuing any claims against Ms. Stillwaggon's estate pursuant to the applicable statute of repose.  See Cogan v. Allianz Life Ins. Co. of North American, 592 F. Supp. 2d 1349, 1355 (N.D. Ala. 2008) (dismissal of non-diverse defendant constitutes fraudulent joinder for the purposes of establishing diversity of citizenship where claims against the non-diverse defendant were time-barred); Byrnes v. Small, 60 F. Supp. 3d 1284, 1288-89 (M.D. Fla. 2014) (statute of repose defense supported Court's finding of fraudulent joinder).

Christina Stillwaggon passed away on November 1, 2017, and, although her death was suggested on the record in November 2019, she was not substituted within 90 days as required by Fla. R. Civ. P. 1.260.  This Rule states, in relevant part, the following: "Unless the motion for substitution is made within 90 days after the death is suggested upon record… the action ***shall*** be dismissed as to the deceased party." (emphasis added).  See also Nationwide Mutual Fire Ins. Co. v. Holmes, 352 So. 2d 1233, 1234 (Fla. 4th DCA 1977) (dismissal for failing to substitute the decedent within 90 days was "mandatory.")  After the Suggestion of Death remained on file for six months without any action by Plaintiff, the Fifteenth Judicial Circuit Court dismissed Stillwaggon from the case on May 12, 2020.

During the May 12 hearing, counsel for Plaintiff advised that he was going to open an estate for Christina Stillwaggon and then file a claim against her in probate court.  He admitted that Plaintiff had not yet pursued any relief against Ms. Stillwaggon in probate court as a

prospective creditor for the relief sought in this lawsuit.  Plaintiff is precluded from seeking relief against Ms. Stillwaggon's estate at this juncture, however, pursuant to Fla. Stat. § 773.710.

Fla. Stat. § 773.710 states, in pertinent part, the following:  "2 years after the death of a person, neither the decedent's estate, the personal representative, if any, nor the beneficiaries shall be liable for any claim or cause of action against the decedent."  In other words, Plaintiff is categorically foreclosed from obtaining any relief from Christina Stillwaggon's estate, given the extensive passage of time since her death.

The Fourth District Court of Appeal, which is binding on the State Court Action, concluded that this limitation amounted to a statute of repose, rather than a statute of limitations, creating an "absolute deadline beyond which no claim may be entertained."  Comerica Bank v. SDI Operating Partners, 673 So. 2d 163, 165 (Fla. 4th DCA 1996) (holding that the pursuit of claims against a decedent's estate in probate court, following a timely-filed civil action, were time-barred under the applicable statute of repose).  Indeed, "there is no authority anywhere in the probate code to extend the 2-year period of section 733.710." Id. at 166.  This statute bars "untimely claims without any action by the opponent and deprive[s] the court of the power to adjudicate them."  Id.  This statute "creates a self-executing, absolute immunity…"  Id.  See also Interim Healthcare of Northwest Fla., Inc. v. Estate of Ries, 910 So.2d 329, 330 (Fla. 4th DCA 2005) (affirming dismissal of claim against probate estate as "jurisdictionally barred" by the statute of repose); In re Estate of Fleming, 786 So.2d 660, 661 (Fla. 4th DCA 2001) (denying creditor from pursuing claim against estate, even though the estate was not opened for probate until two years after the decedent's death; the Fourth District Court of Appeal reasoned that Fla. Stat. § 773.710 was a statute of repose "that the court lacks the power to avoid.") (internal citations omitted).

The Florida Supreme Court adopted the holding in <u>Comerica Bank</u> in 2000.  <u>See</u> <u>May v.</u> <u>Ill. Nat'l Ins. Co.</u>, 771 So. 2d 1143 (Fla. 2000).  In doing so, the Florida Supreme Court likewise held that the statute created an "immunity from liability," and that it "represent[ed] a decision by the legislature that 2 years from the date of death is the outside time limit to which a decedent's estate in Florida should exposed by claims on the decedent's assets." <u>Id</u>. at 1155-56.  The Court held further that the statute is a "jurisdictional statute of nonclaim that is not subject to waiver or extension in the probate proceedings." <u>Id</u>. at 1150.

In short, even if the Plaintiff were able to open up an estate and file her claim in probate court ***today***, she would be time-barred under the applicable statute of repose because Christina Stillwaggon passed away well over two years ago.  Because Plaintiff failed to timely initiate a claim in probate court, there is no possibility that she can recover anything from her estate now.

### III.    VENUE

Venue is proper in the United States District Court for the Southern District of Florida because the case is being removed from the Circuit Court in and for Palm Beach County, Florida. <u>See</u> 28 U.S.C. § 1446(b)(3).

### IV.    CONSENT OF OTHER DEFENDANTS

Only Home Depot has been served with initial process and it consents to the removal of this action.  Co-Defendant Stillwaggon was never served with initial process.  Under 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action."  Because neither Stillwaggon nor any representative acting on her behalf were served, her consent is not required.  <u>See</u> <u>also</u> <u>Dasma Investments, LLC v. Realty</u> <u>Associates Fund III, L.P.</u>, 459 F.Supp.2d 1294, 1299 (S.D. Fla. 2006).

Moreover, Stillwaggon's consent to removal is also not necessary because she was improperly joined in this action. Jernigan v. Ashland Oil Inc., 989 F.2d 812, 815 (5th Cir. 1993) ("[A]s a general rule, removal requires the consent of all co-defendants. In cases involving alleged improper or fraudulent joinder of parties, however, application of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.").

### V.      TIMELINESS OF REMOVAL

28 U.S.C. § 1446(b)(3) provides:

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Here, the case stated by the initial pleading was not removable on its face because, at the outset, there was not complete diversity of citizenship and Defendant could not determine, with certainty, whether Christina Stillwaggon had been fraudulently or improperly joined.

On May 12, 2020, the Court dismissed Christina Stillwaggon with prejudice pursuant to Fla. R. Civ. P. 1.260. During that same hearing, counsel for Plaintiff admitted that Plaintiff had not pursued any claims against Christina Stillwaggon in probate court. It was not until the May 12 hearing that Defendant was able to unequivocally confirm that ***no reasonable possibility*** existed for liability on the non-diverse defendant.

The thirty days allotted for removal by 28 U.S.C. § 1446(b) will expire on or about June 11, 2020. Moreover, the one year period for removal under 28 U.S.C. § 1332, as prescribed by 28 U.S.C. § 1446(c), will expire on July 17, 2020, which is one year from the date in which Plaintiff filed her Verified Complaint.

Because this Removal is being filed within thirty days of May 12, 2020, it is timely.

## VI.     ATTACHMENT OF STATE COURT PLEADINGS

Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon

the Defendant in the State Court Action is annexed hereto as **Exhibit A**.

## VII.     NOTICE OF REMOVAL GIVEN TO STATE COURT

Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the

Fifteenth Judicial Circuit Court in and for Palm Beach County, Florida.  See **Exhibit E**.

Date: May 29, 2020.

<div style="margin-left: 40%">

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
9130 S. Dadeland Boulevard
Suite 1625
Miami, Florida 33156
Telephone: 305.374.0506
Facsimile: 305.374.0456


 Kelly M. Peña
Christopher P. Hammon
Florida Bar No. 176753
chris.hammon@ogletreedeakins.com
Kelly M. Peña
Florida Bar No. 106575
kelly.pena@ogletreedeakins.com

*Counsel for Defendant,*
*Home Depot U.S.A., Inc.*

</div>

11

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on May 29, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

<div align="right">

Kelly M. Peña
Kelly M. Peña

</div>

## SERVICE LIST

*Natalie Maharaj v. Home Depot U.S.A., Inc.*
*United States District Court for the Southern District of Florida*
*Palm Beach Division*
*CASE NO.:*

Isidro M. Garcia
isidrogarcia@garcialaborlaw.com
Garcia Law Firm, P.A.
120 South Olive Avenue
Suite 401
West Palm Beach, FL 33401
Telephone: 561.832.7732
Facsimile: 561.832.7137

*Counsel for Plaintiff, Natalie Maharaj*

Method of Service: CM/ECF

Christopher P. Hammon
chris.hammon@ogletreedeakins.com
Kelly M. Peña
Kelly.pena@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
9130 S. Dadeland Boulevard
Suite 1625
Miami, Florida 33156
Telephone:  305.374.0506
Facsimile:   305.374.0456

*Counsel for Defendant,*
*Home Depot U.S.A., Inc.*

42856404.1